IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRADLEY BURCHFIELD                                                                                           PLAINTIFF

v.                                              Civil No. 6:20-CV-06135

SUPERVISOR JOE JONES, *et. al.*                                                                        DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion for Leave to Proceed Class Action. (ECF No. 8).

In his Motion, Plaintiff states that 17 other Garland County Detention Center inmates wish to join the case as Plaintiffs and proceed as a class action lawsuit. He further alleges that these inmates have agreed to have him represent them in the class action. (ECF No. 8 at 1).

Under Federal Rule of Civil Procedure 23(a), a plaintiff can sue as a representative of or on behalf of parties only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." In particular, because of the requirement under Rule 23(a)(4) that a class have adequate representation, courts have repeatedly declined to allow *pro se* prisoners to represent a class in a class action. *See, e.g.*, *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action); *Caputo v. Fauver*, 800

1

F. Supp. 168, 169–70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."); *Perkins v. Holder*, Case No. CIV. 13-2874 PAM/FLN, 2014 WL 755378, at *5 (D. Minn. Feb. 26, 2014), *aff'd* (Dec. 9, 2014) ("[P]*ro se* litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise)). In order to provide adequate class representation, Federal Rule of Procedure 23(g) requires, among other considerations, that the class counsel appointed have experience in handling class actions and other complex litigation Because Plaintiff is not a licensed attorney, he cannot satisfy the requirements of either Rule 23(a) or Rule 23(g). He can, therefore, only bring the claims in his individual capacity and not on behalf of a class.

Accordingly, it is recommended that Plaintiff's Motion for Leave to Proceed Class Action. (ECF No. 8) be DENIED.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of December 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE