IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| BRADLEY BURCHFIELD | PLAINTIFF |
| v. Civil No.: 6:20-CV-06135 | |
| JOE JONES (Supervisor, Trinity Services Group); | DEFENDANTS |
| SHERIFF MIKE MCCORMICK; | |
| CHIEF ELROD; | |
| PRESIDENT DONALD TRUMP; | |
| JAIL DOCTOR JOHN DOE 1 (Turnkey Medical); | |
| NURSE B. JOHNSON (RN, Turnkey Medical); | |
| NURSE BETTY DOE II; | |
| ASA HUTCHINSON; | |
| LESLIE RUTLEDGE; | |
| RICHARD DAVIS (Hot Springs arresting police officer); | |
| TIM BECKHAM (Public Defender); | |
| UNITED STATES CONGRESS; | |
| UNITED STATES SENATE; | |
| JACK MA (owner Alibab.com and alibaba express); | |
| JEFF BEZOS (owner Amazon.com); | |
| JOHN DOE DEA DIRECTOR; | |
| JOHN DOE DIRECTOR OF FBI; | |

1

JOHN DOE DIRECTOR OF CIA;

JOHN DOE DIRECTOR OF CDC;

TRENT DANIELS (Prosecuting Attorney);

JUDGE HERNSBERGER;

JUDGE HOMER WRIGHT;

JUDGE OHMS;

WILLIAM BARR (US Attorney General);

LIEUTENANT STAPLETON

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on November 17, 2020. (ECF No. 1). Plaintiff is currently incarcerated in the Garland County Detention Center ("GCDC") awaiting trial on pending charges. (ECF No. 1 at 3). He alleges he has no parole holds and has not had his probation or parole revoked. (*Id.*).

Plaintiff characterizes his first claim as one for "violation of Amendment 13 of the United States Constitution, Due Process; Cruel and Unusual Punishment." (*Id*. at 4). He alleges that from October 21, 2020 until present, his rights were violated because he is a pre-trial detainee and has been forced to work for Trinity Services group in the kitchen without pay. (*Id*.) He brings this claim against Trinity Services group and the "entire Defendants list" in their official and personal capacities. He alleges that it is the custom and policy of GCDC to force pre-trial detainees to work without pay. (*Id*. at 5).

Plaintiff characterizes his second claim as "denial of Due Process; excessive force, cruel and unusual punishment; denial of medical care; freedom of confinement." (*Id*. at 5). He alleges that Turnkey Medical, the CDC, and GCDC, "et. al." failed to test him and other inmates of GCDC for COVID-19." He alleges that this failure to screen for COVID-19 is a threat to his and other inmates' well-being and constitutes punishment. (*Id*.) He alleges that Turnkey and GCDC are attempting to save money by not testing inmates. (*Id*. at 6). He proceeds against Defendants for this claim in their official and personal capacity. (*Id*. at 5).

Plaintiff characterizes his third claim as "freedom of conviction and confinement; Due Process; Ex Post Facto Provision, etc." (*Id*. at 6). He alleges that the 93rd General Assembly of Congress" and the "entire Defendant list" instituted a trade agreement with the Chinese citizen Jack Ma to import ephedrine products (isopropyl benzylamine) into the United States. He further alleges that these products are sold on Amazon.com, and the State of Arkansas and the United States are systematically incarcerating citizens. (*Id*.). He proceeds against these Defendant in their official and personal capacity. (*Id*.).

Plaintiff seeks compensatory and punitive damages. (*Id*. at 7). He furthers seeks a change to the Thirteenth Amendment. (*Id*.).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Private Citizen/Private Corporation

Plaintiff's claims against Jak Ma (owner of Alibaba.com and Alibaba Express) and Jeff Bezos (owner of Amazon.com), are subject to dismissal. Jack Ma, Alibaba.com and Alibaba Express are Chinese companies owned by a Chinese citizen. [1] Jeff Bezos is a private United States citizen who owns United States Company. Plaintiff has alleged no facts to support a claim that Jack Ma, Jeff Bezos, or their respective companies were state actors. Section 1983 provides a

---

[1] Plaintiff identifies Jack Ma as a "Chinese Representative." (ECF No. 1 at 5). Research by the Court indicates Jack Ma is a Chinese citizen and Alibaba is a Chinese company. Encyclopaedia Britannica, https://www.britannica.com/biography/Jack-Ma; Li Yuan, *Alibaba's Jack Ma, China's Richest Man, to Retire From Company He Co-Founded*, https://www.nytimes.com/2018/09/07/technology/alibaba-jack-ma-retiring.html.

federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). Plaintiff makes no actual allegation against Defendant Ma or Defendant Bezos, and the only one to be inferred is that their companies sold ephedrine-based products such as isopropyl benzylamine. Because he has not alleged any fact which would permit the inference that Jack Ma, Jeff Bezos, or their respective companies are state actors, his claim against them is subject to dismissal.

### B. Federal Officials

Section 1983 permits a claim for relief only against persons who acted under color of state law. Federal officials acting pursuant to federal law, therefore, are generally not subject to suit under § 1983. *See McNally v. Pulitzer Pub. Co.*, 532 F.2d 69, 76 (8th Cir. 1976) ("42 U.S.C. s. 1983 is inapplicable to persons acting under color of federal law."). Here, Plaintiff's only actual allegation against any federal official is found in his third claim, where he makes reference to a federal trade agreement with China. Thus, his claims against the United States Congress, the United States Senate, President Donald Trump, John Doe DEA Director, John Doe Director of the FBI, John Doe Director of the CIA, John Doe Director of the CDC, and United States Attorney General William Barr are subject to dismissal.

### C. State Officials – Official Capacity Claims

Plaintiff's official capacity claims against Arkansas state officials are subject to dismissal. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams*

*v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)). "A suit against state employees in their official capacities is the functional equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2013). As Arkansas Governor Asa Hutchinson and Arkansas Attorney General Leslie Rutledge, are, by definition, Arkansas state employees, Plaintiff's official capacity claims against them are subject to dismissal.

### D. State Officials – Personal Capacity Claims

Plaintiff's personal capacity claims against state officials are subject to dismissal. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)).

Here, Plaintiff has named the Governor of Arkansas, Asa Hutchinson, and the State Attorney General, Leslie Rutledge, as Defendants, but has made no factual allegations indicating personal involvement or direct responsibility for the deprivation of his rights against them.

Instead, he states only that Arkansas is breaking federal law. Thus, his claims against them are subject to dismissal.

### E. Judges

Judge Hernsberger, Judge Wright, and Judge Ohm are all alleged by Plaintiff to be Arkansas State Court judges and are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the Complaint that neither situation applies here. These claims should be dismissed.

### F. Prosecuting Attorney

Plaintiff's claims against Prosecutor Trent Daniels must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a

prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). The only claim that can be inferred against the prosecutor is that he brought a felony charge against Plaintiff rather than a misdemeanor charge. The decision of what charges to bring against a criminal Defendant rests squarely within the prosecutor's role of initiating a case. Defendant Daniels is, therefore, immune from suit and this claim should be dismissed.

### G. Public Defender

Defendant Tim Beckham, Plaintiff's appointed Public Defender, is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir. 1999). Defendant Beckham was not acting under color of state law while representing Plaintiff in his criminal proceedings. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings"). Thus, Plaintiff has failed to state cognizable claims under § 1983 against Defendant Beckham.

### H. Conditions of Confinement

Plaintiff failed to state any cognizable conditions of confinement claims against the remaining Defendants based on the denial of COVID-19 testing for GCDC inmates. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cty. of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017,

1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation. This injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Plaintiff alleges only that GCDC does not provide COVID-19 testing for inmates. As Plaintiff failed to allege that he suffered any injury due to the lack of COVID-19 testing, he failed to allege an Eighth Amendment claim. *See Irving*, 519 F.3d at 448 (prisoner must suffer an actual injury to state an Eighth Amendment claim). This claim should be dismissed.

### I. Work Without Pay in Kitchen

Plaintiff alleges that he is a pre-trial detainee, awaiting trial on pending charges, and is being forced to work without pay in the GCDC kitchen for Trinity Services Group. (ECF No. 1 at 4). He further alleges that he has no parole holds or parole revocations. (*Id*. at 3). Plaintiff brought this claim in both official and personal capacities against the entire Defendant list, but alleged only that it is the custom and policy of GCDC to force pre-trial detainees to work without pay. Review of his current state criminal case indicates that he was initially arrested under a warrant for a parole violation, at which time the methamphetamine for which he is currently charged was found on his person.[2] His open criminal case states there is a parole hold for him, but it is not clear from the state case docket if his revocation hearing has occurred or if his parole was, in fact, revoked. Thus, Plaintiff's allegation, at least for the purpose of screening, states a plausible official capacity claim for violation of his Thirteenth Amendment rights against GCDC [being forced to work without compensation as a 'pre-trial detainee']. He made no allegations which would permit an inference of personal capacity claims against any GCDC employee or any other Defendant.

As Plaintiff has alleged only an official capacity claim against GCDC, it is redundant to bring the claim against more than one GCDC employee. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity, thus it is proper to dismiss redundant defendants.) It is therefore recommended that this official capacity claim be brought against Chief Elrod, who is identified as the GCDC Jail Administrator in Plaintiff's Complaint. It should be dismissed against all other Defendants.

---

[2] *State v. Burchfield*, Case No. 26CR-20-692 (case closed Dec. 10, 2020) and *State v. Burchfield*, HTC-20-4840. (Arkansas Court Connect, last accessed Dec. 21, 2020).

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's official capacity claim that GCDC has a custom and policy of forcing pre-trial detainees to work in the kitchen without pay remain for further review against Defendant Chief Elrod. I further recommend that Plaintiff's remaining claims against all other Defendants be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of January 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE