IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRADLEY BURCHFIELD                                                                                           PLAINTIFF

v.                                            Case No. 6:20-cv-6135

SUPERVISOR JONES, et al.                                                                                 DEFENDANTS

## ORDER

    Before the Court is a Report and Recommendation filed December 14, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 15.  Judge Bryant recommends that Plaintiff's Motion to Proceed Class Action (ECF No. 8) be denied.  On December 31, 2020, Plaintiff filed timely objections.  ECF No. 21.  The Court finds the matter ripe for consideration.

    Judge Bryant recommends denial of Plaintiff's motion because Plaintiff, proceeding *pro se*, would be an improper class representative and class counsel.  ECF No. 15, p. 1-2.  He analyzes Defendant's potential to serve as class representative and class counsel under Federal Rule of Civil Procedure 23 and determines that Defendant does not satisfy the requirements.  Specifically, he finds that Defendant, who is not an attorney, cannot adequately represent the class and does not have the necessary litigation experience.  He also notes that Courts have found that *pro se* litigants cannot be permitted to represent others in litigation.

    Defendant filed an objection to Judge Bryant's recommendations.  ECF No. 19.  However, his objection is wholly lacking in relevance and coherence.  Defendant does not address the arguments put forth by Judge Bryant regarding the requirements of class representatives and class counsel under the Federal Rules of Civil Procedure.  Instead, he makes a series of conclusory legal statements on topics, such as the constitutionality of acts by the United States Congress, that have

no bearing on his pending motion. For the majority of his objection, Defendant rambles on topics ranging from organized crime, the Amazon corporation, the Chinese takeover of the United States of America, and his future hopes for receiving a prescription for medical marijuana.

In courts of the United States, an individual "may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The requirements of a class representative are listed in Federal Rule of Civil Procedure 23(a), which states:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The considerations for the Court in appointing class counsel are outlined in Federal Rule of Civil Procedure 23(g)(1)(A)-(B), which state:

> (g) Class Counsel.
> (1) Appointing Class Counsel. Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:
> (A) must consider:
> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class;
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

Fed. R. Civ. P. 23(g)(1)(A)-(B). Courts have found that it is not permissible for an inmate representing himself in litigation to also represent fellow inmates. *See Sinclair v. Citi Mortg., Inc.*, 519 F. App'x. 737, 739 (3rd Cir. 2013) (citing *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir.

2008) (citing 28 U.S.C. § 1654)); *see also Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that a pro se litigant cannot adequately represent a class under Fed. R. Civ. P. 23(a) because a layman's competence "is clearly too limited to allow him to risk the rights of others") (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *and see Ziegler v. Michigan*, 59 F. App'x. 622, 625 (6th Cir. 2003) ("Generally, pro se prisoners cannot adequately represent a class.").

Here, Plaintiff is representing himself for his claims. There is nothing in the record or statements by him that indicate he is licensed to practice law. Therefore, it is doubtful that Plaintiff could adequately protect the interests of the class as required by Rule 23(a)(4) without the aid of counsel. Fed. R. Civ. P. 23(a)(4). Plaintiff also necessarily lacks any of the class action and complex litigation experience that the Court must consider when appointing class counsel. Fed R. Civ. P. 23(g)(1)(A)(ii). Plaintiff's situation is one in which Courts have determined to be incompatible with representing a class. *See, e.g., Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d at 1320. Plaintiff did not address any of these issues in his objections. Accordingly, the Court finds that Judge Bryant's reasoning is sound and that Plaintiff's motion must fail.

For the above stated reasons, the Court adopts the instant Report and Recommendation (ECF No. 15) *in toto*. Accordingly, Plaintiff's Motion for Leave to Proceed Class Action (ECF No. 8) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 27th day of April, 2021.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge