IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRADLEY BURCHFIELD                                                      PLAINTIFF

v.                            Case No. 6:20-cv-6135

JOE JONES, et al.                                                      DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed by the Honorable Barry A.

Bryant, United States Magistrate Judge for the Western District of Arkansas.  No. 19.  Judge Bryant

recommends that the official capacity claim against Defendant Chief Elrod be allowed to proceed

but that all other claims be dismissed pursuant to 28 U.S.C. § 1915A.  Defendant filed objections.

ECF No. 23.  The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On November 17, 2020, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983.  ECF

No 1.  Plaintiff's first claim is against all Defendants[1] in their individual and official capacities for

"violation of Amendment 13 of the United States Constitution, Due Process; Cruel and Unusual

Punishment." For this claim, Defendant alleges that he has been required to work in the Garland

County Detention Center ("GCDC") kitchen without pay.   Plaintiff's second claim is against

Turnkey Medical, the CDC, and GCDC, "et al," in their individual and official capacities for

"denial of Due Process; excessive force, cruel and unusual punishment; denial of medical care;

---

[1] The entirety of the Defendant list is: JOE JONES (Supervisor, Trinity Services Group);  SHERIFF MIKE
MCCORMICK;  CHIEF ELROD;  PRESIDENT DONALD TRUMP;  JAIL DOCTOR JOHN DOE 1 (Turnkey
Medical);  NURSE B. JOHNSON (RN, Turnkey Medical);  NURSE BETTY DOE II;  ASA HUTCHINSON;
LESLIE RUTLEDGE;  RICHARD DAVIS (Hot Springs Arresting Police Officer);  TIM BECKHAM (Public
Defender);  UNITED STATES CONGRESS;  UNITED STATES SENATE;  JACK MA (Owner Alibab.Com And
Alibaba Express);  JEFF BEZOS (Owner Amazon.Com); JOHN DOE DEA DIRECTOR;  JOHN DOE DIRECTOR
OF FBI;  JOHN DOE DIRECTOR OF CIA;  JOHN DOE DIRECTOR OF CDC;  TRENT DANIELS (Prosecuting
Attorney);  JUDGE HERNSBERGER;  JUDGE HOMER WRIGHT;  JUDGE OHMS;  WILLIAM BARR (US
Attorney General); LIEUTENANT STAPLETON.  ECF No. 1.

freedom of confinement." For this claim, Plaintiff alleges that lack of screening and testing for

Covid-19 among inmates amounts to punishment and threatens their well-being.  Plaintiff's third

claim is against all Defendants in their individual and official capacities for a trade agreement

between China and the United States.  For this claim, Defendant alleges that the trade agreement

is meant to import ephedrine products (isopropyl benzylamine) from Jack Ma to be sold by

Amazon in order to imprison United States citizens. Plaintiff seeks compensatory and punitive

damages and requests a change to the 13th Amendment to the United States Constitution.

On January 4, 2021, Judge Bryant issued his Report and Recommendation (ECF No. 19)

regarding the screening of Plaintiff's Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A.

Judge Bryant recommends that the official capacity claim against Defendant Chief Elrod be

allowed to proceed.  For all other claims against Defendants, Judge Bryant finds that Plaintiff has

failed to state facts that can support these claims, and they should be dismissed.  On January 14,

2021, Plaintiff filed timely objections to Judge Bryant's recommendations.  ECF No. 23.

## II. DISCUSSION

### A. Legal Standard

Courts review the adequacy of civil actions brought by prisoners against government

officials or government entities.  *See* 28 U.S.C. § 1915A(a).  A court evaluates whether a prisoner's

claim is adequate under 28 U.S.C. § 1915A(b), which reads:

> (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss
> the complaint, or any portion of the complaint, if the complaint--
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;
>> or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

Claims are frivolous when they lack "any rational argument in law or in fact."  *See Boyd v.*

*ConAgra Foods, Inc.*, 879 F.3d 314, 324 (8th Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S.

319, 323 (1989)).  Stating a claim upon which relief may be granted only requires "pleading enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A pro se plaintiff is not held to as stringent standards as attorneys in their pleadings.  *See Jackson v. Nixon*, 747 F.3d 537, 541 (2014) (citation omitted).  However, "[w]hile courts liberally construe pro se complaints, pro se litigants must still allege sufficient facts to state a plausible claim for relief." *Ellis v. City of Minneapolis*, 518 F. App'x. 502, 504 (8th Cir. 2013) (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)).

**B. Claims Against Private Citizens/Private Corporations**

Judge Bryant recommends that Plaintiff's claims against Jack Ma and Jeff Bezos be dismissed.  ECF No. 19, p. 4.  Judge Bryant first notes that Plaintiff's claims under 42 U.S.C. § 1983 require that Defendants act under the color of law when the alleged violation of rights occurred.  *Id*. at p. 4-5.  Judge Bryant further finds that Plaintiff has failed to put forth any factual allegations that either Defendant Bezos or Defendant Ma acted under color of law for any actions alleged in the complaint.  *Id*. at p. 5.  He notes that the only factual allegation Plaintiff presents for either of these Defendants is that the corporations they are connected with import and sell ephedrine products such as isopropyl benzylamine.  *Id*.  Judge Bryant concludes that Plaintiff failed to allege any facts necessary to sustain a claim against Defendants Bezos and Ma under 42 U.S.C. § 1983 and that his claims against them should be dismissed.  Plaintiff's objection to this analysis insists that Defendants Bezos and Ma are properly subject to the suit as they are connected to entities that either do business in the United States or are organized under the laws of the United States.  ECF No. 23, p. 4-5.  Plaintiff asserts that this makes those Defendants state actors under 42 U.S.C. § 1983.  *Id.* at p. 4-5.

The Court finds that Judge Bryant's reasoning is sound. A plaintiff stating a claim against a defendant under 42 U.S.C. § 1983 "must show that the alleged deprivation was committed by a person acting under color of state law." *Neighborhood Enterprises, Inc. v. City of St. Louis*, 540 F.3d 882, 885 (8th Cir. 2008) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).  A defendant acts under color of law when his or her actions are taken under the authority of State law and his or her alleged infringement of a plaintiff's right is "fairly attributable to the State." *West v. Atkins*, 487 U.S. at 49 (citations and quotations omitted).  Conduct that is wholly private, no matter how wrongful, falls outside the scope of § 1983.  *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  Plaintiff's Complaint never alleges that Defendants Bezos and Ma were acting with state authority.  Plaintiff's objection only asserts that the corporations associated with these Defendants operate within the United States or are formed under the laws of the United States. This does nothing to undermine Judge Bryant's reasoning, as the alleged conduct involving those corporations is entirely private and Plaintiff never makes a factual assertion that they acted with state authority.  *See id*.  Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted against Defendants Bezos and Ma.

### C. Claims Against Federal Officials

Judge Bryant recommends that Plaintiff's claims against the United States Congress, the United States Senate, President Donald Trump, John Doe DEA Director, John Doe Director of the FBI, John Doe Director of the CIA, John Doe Director of the CDC, and United States Attorney General William Barr be dismissed.  ECF No. 19, p. 5.  Judge Bryant notes that claims under 42 U.S.C. § 1983 are inapplicable to individuals who acted under color of federal law.  *Id*.  Judge Bryant then concludes that all claims against these federal official Defendants must fail because there is no factual allegation by Plaintiff that they acted under color of state law.  *Id*.  Plaintiff's

objection does not directly dispute Judge Bryant's analysis and only vaguely alludes to 28 U.S.C. § 1331, which his claims are not brought under, as a statute under which his claims can proceed against federal officials.

The Court finds that Judge Bryant's reasoning is sound.  Federal officials are not subject to claims under 42 U.S.C. § 1983.   See *McNally v. Pulitzer Pub. Co.*, 532 F.2d 69, 76 (8th Cir. 1976).  Plaintiff's only cognizant objection to Judge Bryant's conclusion that federal officials are not subject to his claims is reference to another federal statute under which he is not currently proceeding.  ECF No. 23, p. 5-6.  Accordingly, the Court that Plaintiff has failed to state a claim upon which relief can be granted against all federal official Defendants.

**D. Claims Against State Officials – Official Capacity**

Judge Bryant recommends that Plaintiff's claims against Arkansas Governor Asa Hutchinson and Attorney General Leslie Rutledge be dismissed.  ECF No. 19, p. 5-6.  Judge Bryant initially notes that a State government and its agencies are not subject to suit under 42 U.S.C. § 1983.  *Id*. at p. 5-6.  He then notes that an official claim against a state employee is functionally a suit against the State itself.  *Id.* at p. 6.  Judge Bryant then concludes that Plaintiff's claims against Defendants Hutchinson and Rutledge are suits against the state of Arkansas and cannot proceed under § 1983.  *Id*.  Plaintiff's objection does nothing to contest or address the arguments made by Judge Bryant. Instead, Plaintiff asserts that Defendant Rutledge must remain because he is challenging the constitutionality of a statute.  *Id*.

The Court finds Judge Bryant's reasoning sound.  A suit against a government employee in his or her official capacity "is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  A State is not a "person" that is subject to claims for money damages under 42 U.S.C. § 1983.  *See*

5

*McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (citing *Lapides v. Bd. Of Regents*, 535 U.S. 613, 617 (2002)).  A plaintiff cannot pursue equitable relief against a State under 42 U.S.C. § 1983 either.  *See Williams v. State of Mo.*, 973 F.2d 599, 600 (8th Cir. 1992) (citation omitted). Plaintiff's claims against Defendants Hutchinson and Rutledge in their official capacities are functionally claims against the state of Arkansas.  *See Veatch v. Bartels Lutheran Home*, 627 F.3d at 1257.  Therefore, the claims against them in their official capacities cannot proceed under 42 U.S.C. § 1983. *See McLean v. Gordon*, 548 F.3d at 618.  Plaintiff's objection does not address this shortcoming in his official capacity claim against these Defendants.  He only makes a vague reference to challenging the constitutionality of an unnamed law as a reason the official capacity claim against Defendant Rutledge must remain.  ECF No. 23, p. 6.  Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted against Defendants Hutchinson and Rutledge in their official capacities.

**E. Claims Against State Officials – Individual Capacity**

Judge Bryant recommends that Plaintiff's individual capacity claims against Defendants Hutchinson and Rutledge be dismissed.  He initially notes that 42 U.S.C. § 1983 does not create vicarious liability for a supervisor of an employee that violates a plaintiff's rights.  ECF No. 19, p. 6.  He further notes that for a Defendant to be liable for claims under § 1983 in their individual capacity, there must be a factual link that alleges the Defendant's involvement in or direct responsibility for the constitutional violation.  *Id*.  Judge Bryant then finds that Plaintiff makes no factual allegations that connect any of his claimed constitutional deprivations to the actions of Defendants Hutchinson and Rutledge and that his individual capacity claims against them should be dismissed.  *Id*.  Plaintiff's objection does not address this finding and only asserts that he

believes 28 U.S.C. § 1331 makes his individual capacity claims against Defendants Hutchinson and Rutledge proper. *Id*. at p. 6.

The Court finds that Judge Bryant's reasoning is sound. An individual will not be accountable for 42 U.S.C. § 1983 violations committed by his agents or subordinates under a general theory of *respondeat superior*. *See Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Here, Plaintiff has alleged no facts in his Complaint that connects Defendants Hutchinson and Rutledge to the alleged constitutional violations for any of his claims. ECF No. 1. His objection also does not attempt to draw a causal connection between any of the alleged constitutional violations and actions taken by Defendants Hutchinson and Rutledge. ECF No. 23, p. 6-7. Even if Plaintiff has made valid claims against other Defendants, there is no basis to find that his individual capacity claims can survive against Defendants Hutchinson and Rutledge without making any factual allegations that connect them to the asserted violations. *See Whitson v. Stone County Jail*, 602 F.3d at 929; *Clemmons v. Armontrout*, 477 F.3d at 962. Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted against Defendants Hutchinson and Rutledge in their individual capacities.

### F. Claims Against Judges

Judge Bryant recommends that Plaintiff's claims against Defendants Judge Hernsberger, Judge Wright, and Judge Ohm be dismissed. Judge Bryant notes that judges have immunity from

suit and that each of these Defendants is an Arkansas state court judge.  ECF No. 19, p. 7.

Specifically, judges are immune from 42 U.S.C. § 1983 suits for actions that were judicial

functions.  Judge Bryant finds that Plaintiff has not alleged any facts that fit within the potential

exceptions to judicial immunity.  *Id.*  Judge Bryant recommends that Plaintiffs claims against these

Defendants should be dismissed.  *Id.*  Plaintiff's objection regarding this recommendation is

generally incoherent and his only intelligible argument is that these Defendants have acted outside

their jurisdiction and therefore are subject to claims under 42 U.S.C. § 1983.

The Court finds Judge Bryant's reasoning is sound.  Judges are immune from claims for

judicial actions, even those which allege malice or bad faith.  *See Mireles v. Waco*, 502 U.S. 9, 12

(1991) (citations omitted).  "Judges performing judicial functions enjoy absolute immunity from

§ 1983 liability."  *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  The only two

circumstances in which a judge will be subject to a claim under § 1983 are when the claim involves

nonjudicial actions that were taken outside of the judge's official capacity or when the claim

involves judicial actions that are taken in the complete absence of jurisdiction. *See Justice*

*Network, Inc. v. Craighead County*, 931 F.3d 753, 760 (8th Cir. 2019) (citations omitted).

Plaintiff's Complaint makes no factual allegations regarding the judges and how they are

connected to his claimed constitutional violations.  ECF No. 1.  Plaintiff's objection asserts that

all the Defendant judges acted outside of their jurisdiction at some time relevant to his claims.

ECF No. 23, p. 7.  However, Plaintiff offers nothing to support his argument other than conclusory

statements about due process and habeas corpus, which seems to be a hollow attempt to overcome

the flaw Judge Bryant found in his claim.  *Id.*  Plaintiff also did not allege facts to support his claim

that the Defendant judges ever took actions outside their judicial role or attempt to factually

connect any non-judicial actions to his claims.  Between his Complaint and objections, Plaintiff

8

has not made any factual allegations that connects the Defendant judges to his claims or explain how any actions they have taken fit within the exceptions to judicial immunity to § 1983 claims. *See Justice Network, Inc. v. Craighead County*, 931 F.3d at 760. Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted against Defendants Judge Hernsberger, Judge Wright, and Judge Ohm.

### G. Claims Against Prosecuting Attorney

Judge Bryant recommends that Plaintiff's claims against Defendant Prosecutor Trent Daniels be dismissed. Judge Bryant initially notes that prosecutors are immune from suit under 42 U.S.C. § 1983 for actions taken to prosecute the State's case against a defendant. ECF No. 19, p. 7. He further notes that the immunity extends to activities closely associated with the judicial phase of a criminal prosecution. *Id*. Judge Bryant finds that the only cognizable accusation against Defendant Daniels is that he brought a felony charge against Plaintiff instead of a misdemeanor. *Id*. at 8. Judge Bryant concludes that the decision on what charge to bring is part of prosecuting the State's case and that Defendant Daniels is immune from Plaintiff's claims. *Id*. Plaintiff's objection states that Defendant Daniels was acting in his investigatory capacity in relation to his claims regarding a criminal conspiracy by the United States government and claims against him should not be dismissed. ECF No. 23, p. 7.

The Court finds Judge Bryant's reasoning sound. Prosecutors are immune from claims under 42 U.S.C. § 1983 that are "preliminary to the initiation of a prosecution and actions apart from the courtroom" but this immunity does not extend to "administrative duties and those investigatory functions that do not relate to . . . the initiation of a prosecution or for judicial proceedings." *Woodworth v. Holshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993)). Prosecutors are immune from claims under § 1983

regarding the filing of charges. *See Rodgers v. Knight*, 781 F.3d 932, 939 (8th Cir. 2015) (citing

*Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).   The only factual allegation involving

Defendant Daniels in Plaintiff's Complaint is that he brought improper charges against Plaintiff.

ECF No. 1.   Plaintiff's objection argues that his claims involve Defendant Daniels' activities in

his investigatory capacity and that they should be allowed to proceed.  ECF No. 23, p. 7.  However,

Plaintiff's factual assertions in his objection state his belief that Defendant Daniels should be

investigating a larger conspiracy and does not offer any factual allegation that the investigatory

functions he may have carried out are related to his claims.  *Id*.   Accordingly, the claims against

Defendant Prosecutor Trent Daniels are barred by prosecutorial immunity.

**H. Claims Against Public Defender**

Judge Bryant recommends that Plaintiff's claims against Defendant Public Defender Tim

Beckham be dismissed.   Judge Bryant notes that public defenders are not considered to be acting

under "color of law" for claims pursuant to 42 U.S.C. § 1983. ECF No. 19, p. 8.  He then concludes

that Plaintiff's claims against Defendant Beckham must fail.   Plaintiff's objection argues that

Defendant Beckham is contributing to the prosecution of indigent defendants and the claims

against him should be allowed to proceed.

The Court finds that Judge Bryant's reasoning is sound.   Public defenders are not

considered to act under color of law when they are performing a traditional role as counsel and

advocate in a criminal proceeding.  *See Eling v. Jones*, 797 F.2d 697, 699 (8th Cir. 1986) (citing

*Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981)).  A public defender may be subject to §

1983 for situations related to hiring decisions made on behalf of the State and for investigative and

administrative actions. *See Polk County v. Dodson*, 454 U.S. 324-25.  Plaintiff's Complaint names

Defendant Beckham but does not provide any factual allegation that connects him to the claims

made.  ECF No. 1-2.  Plaintiff's objection only asserts that, contradictorily, Defendant Beckham and the public defenders office are helping to prosecute drug offenses.  ECF No. 23, p. 7-8.  He makes no factual allegations to support this assertion or establish a connection between any actions Defendant Beckham has taken and his claims.  Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted against Defendant Public Defender Tim Beckham.

### I. Claims Regarding Conditions of Confinement

Judge Bryant recommends that Plaintiff's claims against Defendants regarding conditions of confinement in the GCDC be dismissed.  Judge Bryant initially notes the constitutional requirements for a detained individual's health and wellbeing.  ECF No. 19, p. 8.  He then goes over what an individual challenging the conditions of his confinement must allege in order to make a valid claim.  *Id*. p. 8-9.  Applying the requirements to Plaintiff's allegation that lack of Covid-19 testing creates an constitutional violation, Judge Bryant concludes that the claims must fail because Plaintiff has not shown any actual injury that has resulted from the conditions.  Plaintiff's objection argues that Judge Bryant is incorrect in treating his claims related to health screening as an Eighth Amendment claim.

The Court finds Judge Bryant's reasoning sound.  The Constitution imposes a duty on the state to provide for an individual's safety and well being when in custody of the State.  *See City of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998).  "[A] pretrial detainee's constitutional rights are violated if the detainee's conditions of confinement amount to punishment."  *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010) (citation omitted).  The standard used for a pretrial detainee's conditions are the same as those used under Eighth Amendment claims for convicted individuals. *Id*.  The Eighth Amendment prohibits penalties that violate current standards of decency and humane treatment.  *Id*.  A prisoner must prove both an objective and subjective element in claims

under the Eighth Amendment. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). To state a claim under the Eighth Amendment, "The

defendant's conduct must objectively rise to the level of a constitutional violation by depriving the

plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also

reflect a subjective state of mind evincing deliberate indifference to the health or safety of the

prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate

indifference is established when the plaintiff shows "the defendant was substantially aware of but

disregarded an excessive risk to inmate health or safety." *Id*. There must exist an actual injury to

prevail on a claim pursuant to the Eighth Amendment. *See Irving v. Dormire*, 519 F.3d 441, 448

(8th Cir. 2008).

Here, Plaintiff has not shown an actual injury and his claims regarding conditions must fail

on that ground alone. *See Id*. His Complaint and his objection only discuss the risk he believes

the Defendants create by not testing detainees. ECF No. 1; ECF No 23, p. 8. Plaintiff's contention

regarding the Eighth Amendment not applying is misplaced. Judge Bryant is correctly using the

precedent for Eighth Amendment claims because the analysis for a pretrial detainee's claims

regarding conditions runs parallel to those applying to convicted inmates under the Eighth

Amendment. *See Morris v. Zefferi*, 601 F.3d at 809 (citations omitted). Accordingly, the Court

finds that Defendant has failed to state a claim upon which relief can be granted against Defendants

for conditions within the GCDC.

**J. Claims Regarding Work Without Pay in GCDC Kitchen**

Judge Bryant recommends that Plaintiff's claims regarding uncompensated work in the

GCDC kitchen be allowed to proceed, but only against Defendant Chief Elrod. Judge Bryant

initially notes that Defendant is a pretrial detainee and that work without pay is a cognizable

violation of the Thirteenth Amendment.  He then notes that Plaintiff has not alleged any specific actions against any individual and only about the policy or custom within the GCDC of having pretrial detainees work without pay.  He then concludes that Plaintiff has failed to allege any individual capacity claims but that there is a cognizable official capacity claim.  He further concludes that only Defendant Elrod should remain for this claim because the official capacity claim is functionally a claim against the GCDC and there only needs to be one defendant to reduce redundancy.  Plaintiff objects to the recommendation that any Defendants be dismissed for his claims for work without pay in the kitchen.

The Court finds Judge Bryant's reasoning sound.  A claim against a government official in their official capacity is functionally a claim against the governmental entity employing that official.  *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  Because Plaintiff's official capacity claim is functionally against GCDC, there only needs to be one Defendant for that claim to reduce redundancy. *See id*.  Plaintiff's objection does not allege any facts against individual Defendants for the individual capacity claims and does not dispute Judge Bryant's analysis about the redundancy of having more than one remaining Defendant for the official capacity claim.  Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted against Defendants in their individual capacities for the kitchen work without pay.  However, Defendant has made an official claim against Defendant Chief Elrod that can proceed.

### III. CONCLUSION

Based on its *de novo* review, the Court overrules Plaintiff's objections and adopts Judge Bryant's Report and Recommendation (ECF No. 19) *in toto*.  Plaintiff's official capacity claim

against Defendant Chief Elrod for unpaid kitchen work in the GCDC may proceed.  All other claims in Plaintiff's Complaint (ECF No. 1) are hereby **DISMISSED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED**, this 18th day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge