IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRADLEY BURCHFIELD                                                                                       PLAINTIFF

v.                                              Civil No. 6:20-CV-06135

CHIEF ELROD                                                                                              DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Petition for a Restraining Order. (ECF No. 7). In his Petition for a Restraining Order, Plaintiff requests that this Court direct the State of Arkansas and Arkansas prosecuting attorneys[1] to stop prosecuting him and other citizens of Arkansas for the possession of methamphetamine, the possession of isopropyl benzylamine to be used as a diluent for methamphetamine, and the possession of drug paraphernalia.[2] (ECF No. 7). Defendant Elrod has not filed a Response, and the Court finds no response is necessary.

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1)

---

[1] Plaintiff actually listed the State Bar Association in his injunction. As the Bar Association does not have the authority to prosecute individuals, the Court will interpret this statement to be a request to include Arkansas prosecuting attorneys in the injunction.
[2] He also appears to ask that the State and the State Bar be prosecuted criminally. (ECF No. 7). Criminal charges are not an available form of injunctive relief. *See, Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 62 (1975) (injunctive relief is historically "designed to deter, not to punish.").

the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

It is not necessary to address the *Dataphase* factors at this time, as Plaintiff's request for injunctive relief was mooted by his release from the Garland County Detention Center. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (release from the institution in which the injunctive relief is sought against moots the request for injunctive relief). *See also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding an inmate's claims regarding prison conditions moot once the inmate was transferred and no longer subject to those conditions). After undergoing preservice screening as required by 28 U.S.C. § 1915A, Plaintiff's claims regarding

2

methamphetamine, isopropyl benzylamine, and drug paraphernalia were dismissed.[3]  (ECF No. 41).  Thus, the only cognizable claim in his case is that he was forced to work in the kitchen of the Garland County Detention Center (GCDC) without pay, in violation of his Thirteenth Amendment rights as a pretrial detainee.  (*Id*. at 13).  As he is no longer incarcerated in GCDC, Plaintiff's request for injunctive relief concerning his Thirteenth Amendment rights is moot.

Accordingly, I recommend that Plaintiff's Petition for a Restraining Order  (ECF No. 7) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **12th day of July 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[3] Even if these claims had not been dismissed, federal injunctions against the state criminal law enforcement process can be issued only "under extraordinary circumstances."  *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975).  Such extraordinary circumstances are not present in this case.